IN THE DISTRICT COURT OF THE UNITED STATES
FOR THE DISTRICT OF SOUTH CAROLINA
ANDERSON/GREENWOOD DIVISION

| | |
|---|---|
| Edward Billy Bennett,<br><br>      Plaintiff,<br><br>vs.<br><br>Lt. Dallas Beckett; Warden Bernard Mackie; Dayne Haile; Medical Director Yolanda Hernandez; Dr. Neville; Nurse Murphy; Sgt. C. Parker; Commissioner SCDC William Byers,[1]<br><br>      Defendants. | Civil Action No.: 8:11-cv-02886-MGL-JDA<br><br>**REPORT AND RECOMMENDATION<br>OF MAGISTRATE JUDGE** |

Plaintiff brought this action pro se, seeking relief pursuant to Title 42, United States Code, Section 1983. [Doc. 1.] On May 29, 2012, Defendants filed a motion for summary judgment. [Doc. 58.] Also on May 29, 2012, pursuant to *Roseboro v. Garrison*, 528 F.2d 309 (4th Cir. 1975), Plaintiff was advised of the summary judgment/dismissal procedure and the possible consequences if he failed to adequately respond to Defendants' motion. [Doc. 59.] Despite this explanation, Plaintiff failed to respond to the motion.

As Plaintiff is proceeding pro se, the Court filed a second Order on July 11, 2012, giving Plaintiff through July 31, 2012 to file his response to the motion for summary judgment. [Doc. 65.] Plaintiff was specifically advised that if he failed to respond, this action would be dismissed for failure to prosecute. [*Id.*] However, Plaintiff has failed to respond to the motion.

---

[1] On January 9, 2012, per Plaintiff's Amended Complaint, originally named Defendants SCDC Director NUK and Unknown Officers on Duty were terminated as parties to this action and newly named Defendants Medical Director Yolanda Hernandez, Dr. Neville, Nurse Murphy, Sgt. C. Parker, and Commissioner SCDC William Byers were added as parties to this action. [*See* Docs. 1, 30.]

Based on the foregoing, it appears Plaintiff no longer wishes to pursue this action. "The Federal Rules of Civil Procedure recognize that courts must have the authority to control litigation before them, and this authority includes the power to order dismissal of an action for failure to comply with court orders." *Ballard v. Carlson*, 882 F.2d 93, 95 (4th Cir. 1989) (citing Fed. R. Civ. P. 41(b)). "Federal courts possess an inherent authority to dismiss cases with prejudice *sua sponte*." *Gantt v. Md. Div. of Corr.*, 894 F. Supp. 226, 229 (D. Md. 1995) (citing *Link v. Wabash R. Co.*, 370 U.S. 626 (1962); *White v. Raymark Indust., Inc.*, 783 F.2d 1175 (4th Cir. 1986); *Zaczek v. Fauquier Cnty., Va.*, 764 F. Supp. 1071, 1074 (E.D. Va.1991)).

The Fourth Circuit, in *Davis v. Williams*, recognizing that dismissal with prejudice is a harsh sanction that should not be invoked lightly, set forth four factors for determining whether Rule 41(b) dismissal is appropriate:

    (1) the degree of personal responsibility on the part of the plaintiff;

    (2) the amount of prejudice to the defendant caused by the delay;

    (3) the presence or absence of a drawn out history of deliberately proceeding in a dilatory fashion; and

    (4) the effectiveness of sanctions less drastic than dismissal.

588 F.2d 69, 70 (4th Cir. 1978) (citing *McCargo v. Hedrick*, 545 F.2d 393, 396 (4th Cir. 1976)). Subsequently, however, the Fourth Circuit noted that "the four factors . . . are not a rigid four-pronged test," and whether to dismiss depends on the particular circumstances of the case. *Ballard*, 882 F.2d at 95. For example, in *Ballard*, the court reasoned that "the Magistrate's explicit warning that a recommendation of dismissal would result from failure to obey his order is a critical fact that distinguishes this case from those cited by appellant. . . . In view of the warning, the district court had little alternative to dismissal. Any other

2

course would have placed the credibility of the court in doubt and invited abuse." *Id.* at 95–96.

As Plaintiff is proceeding pro se, he is personally responsible for his failure to file a response. Plaintiff has had over two months to respond to the motion for summary judgment. Plaintiff's initial response was due by July 2, 2012 and, despite being advised of the possible consequences if he failed to respond adequately, Plaintiff elected not to respond. The Court filed a second Order, reminding Plaintiff a response was due and giving him additional time—until July 31, 2012—to respond. The Court has twice warned Plaintiff the case would be dismissed pursuant to Rule 41(b) if Plaintiff failed to file responses. Despite this explanation, Plaintiff has elected not to respond.[2] Because Plaintiff has already ignored deadlines set by the Court, sanctions less drastic than dismissal would not be effective.

Wherefore, based upon the foregoing, the Court recommends the case be DISMISSED pursuant to Federal Rule of Civil Procedure 41(b).

IT IS SO RECOMMENDED.

                                  s/Jacquelyn D. Austin
                                  United States Magistrate Judge

August 6, 2012
Greenville, South Carolina

---

[2] The Court notes Plaintiff has been released from prison and has not undertaken any activity in this case since he filed a notice of change of address to a private address on March 22, 2012. [*See* Doc. 47 (notice of change of address).] The Court also notes mail sent to Plaintiff from the Court has not been returned as undeliverable since Plaintiff updated his address in March 2012.